**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID W. MONROE, et al., | No. 07-15545 |
| Plaintiffs - Appellants, | D.C. No. 3:05-cv-00329-HDM-RAM |
| v. | |
| E. K. MCDANIEL, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior United States District Judge, Presiding

Submitted June 16, 2010[**]
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and STOTLER, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alicemarie H. Stotler, Senior United States District
Judge for the Central District of California, sitting by designation.

Plaintiffs-Appellants David Monroe and Jared Howes appeal the order of the district court granting partial summary judgment to Defendants-Appellees on their First Amendment retaliation claim. Plaintiffs also challenge as improper the "federal case" arguments made by defense counsel during closing argument at trial. We affirm.

The district court properly granted summary judgment in favor of defendants Jones and Brooks on the theory that they retaliated against plaintiffs for their union activity. There was no evidence in the record that Jones retaliated against Plaintiffs for participating in protected union activity, and the record contains evidence of only a single anti-union statement by Brooks. Such an isolated statement is insufficient to support a retaliation claim as a matter of law. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

The district court also properly granted summary judgment in favor of Jones, Brooks, and McDaniel on the retaliation claim relating to the flooding incident. The content of Plaintiffs' log entries, reports, and comments during the investigation of the flooding incident did not pertain to a matter of public concern. Moreover, Plaintiffs spoke pursuant to their job duties as employees of the Nevada Department of Corrections. Plaintiffs' speech was therefore not protected by the

First Amendment. *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006); *Alaska v. EEOC*, 564 F.3d 1062, 1070 (9th Cir. 2009).

We need not address Plaintiffs' purported third issue on appeal, whether the district court erred in deciding that because retaliation was not raised in front of the administrative hearing officer, the issue could not be raised in the district court. The district court made no such ruling. To the contrary, the retaliation claim was before the jury.

Finally, the district court did not commit plain error in allowing defense counsel's "federal case" arguments during closing. "The federal courts erect a 'high threshold' to claims of improper closing arguments in civil cases raised for the first time after trial. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (quoting *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th Cir. 1986)). Plain error review requires a plain or obvious error that was prejudicial or affects substantial rights, and that review be necessary to prevent a miscarriage of justice. *Id.* at 1193. Assuming that Plaintiffs' counsel's objection was only with respect to the golden opportunity / rob the bank argument, the district court did not commit plain error by failing to *sua sponte* strike the "federal case" arguments from the record. Defense counsel's argument drew a fair inference from the fact that plaintiffs never raised the retaliation argument in

3

earlier administrative proceedings and instead decided to raise the argument for the first time in federal court.

**AFFIRMED.**